The Honorable Johnnie Bolin State Representative 511 Ashley Road 20 Crossett, AR 71635-9434
Dear Representative Bolin:
You have presented the following question for my opinion:
 Can a county legally purchase goods from a school district at the same price that they were purchased by the school district?
RESPONSE
It is my opinion that if, in connection with the purchase envisioned by your question, the county followed all requirements of state law governing county purchasing (such as the bidding requirements), see
A.C.A. § 14-22-101 et seq., and assuming no fraud or bad faith were involved, such a purchase does not, on its face, violate any state law from the standpoint of the county. Although state law imposes certain requirements concerning the value for which the county must sell items,see A.C.A. § 14-16-105, it does not impose any similar requirement concerning the market value of goods purchased by the county. The price of the goods purchased by the county therefore does not, in and of itself, render the purchase questionable.
The question of whether the transaction is legal from the standpoint of the school district is a more difficult question, and one that will turn on numerous factual matters that I am not in a position to determine.
As an initial matter, the transaction must be factually determined to have been supported by adequate consideration and not to have involved fraud or bad faith. It should be noted that the fact that the transaction price may have been below market value does not necessarily indicate fraud or bad faith. However, a sale for less than adequate consideration could give rise to a legal challenge under one of the following provisions of law: Article 14, §§ 2 and 3 (generally prohibiting the use of school funds for non-school purposes); Article 16, § 11 (prohibiting the use of tax funds for purposes other than those for which the taxes were levied); or Article 16, § 13 (prohibiting illegal exactions).
While the facts are being evaluated under the pertinent provisions of law, a guiding principle in analyzing the transaction should be the wide latitude the Arkansas Supreme Court has consistently granted to school boards in governing their districts. See, e.g., Springdale Bd. of Educ.v. Bowman, 294 Ark. 66, 740 S.W.2d 909 (1987); Fortman v. TexarkanaSchool District No. 7, 257 Ark. 130, 514 S.W.2d 720 (1974); Safferstonev. Tucker, 235 Ark. 70, 72, 357 S.W.2d 3, 4 (1962); Isgrig v. Srygley,210 Ark. 580, 197 S.W.2d 39 (1946).
The legality of the transaction from the standpoint of the school district can be determined only after a thorough review of the facts of the situation.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General